UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KALI KROONTJE, | ) | CIV. 13-4066-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | [REDACTED] |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION TO AMEND |
| CKE RESTAURANTS, INC., | ) | COMPLAINT AND GRANTING IN |
| DORO, INC., | ) | PART AND DENYING IN PART |
| HARDEE'S FOOD SYSTEMS, LLC, | ) | DEFENDANTS' MOTION TO |
| and | ) | COMPEL |
| HARDEE'S RESTAURANTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Kali Kroontje, moves for leave to amend her complaint and requests that the amended complaint relate back to the date of the original complaint. Kroontje also moves for an extension of time to serve Northland Restaurant Group, LLC. Defendants, CKE Restaurants, Inc., DORO, Inc.,[1] Hardee's Food Systems, LLC, and Hardee's Restaurants, LLC, resist the motions. For the following reasons, Kroontje's motion to amend her complaint is granted.

Defendants separately move to compel Kroontje to answer certain interrogatories and produce certain requested documents. Kroontje resists the motion. For the following reasons, the motion to compel is granted in part and denied in part.

---

[1] Defendants' filings note that DORO, Inc. is properly named DORO Incorporated.

## BACKGROUND

The relevant facts to the pending motions are as follows:

Kroontje was employed from September 2010 to July 2011 at a restaurant located in Sioux Falls, South Dakota. In October 2010, Kroontje met Shannon Manninger, who was a training supervisor allegedly employed by defendants.[2] As part of Manninger's responsibilities, he traveled to Sioux Falls to train employees such as Kroontje. On one particular trip in December 2010, Manninger statutorily raped[3] Kroontje on two separate occasions. Following these incidents, Kroontje's working conditions allegedly became so intolerable that she was forced to resign.

Kroontje filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on January 30, 2012, against "Restaurant Manager, HARDEES, 2900 S. Minnesota Avenue, Sioux Falls, SD 57101." Docket 21-1. Northland, through a letter dated February 24, 2012, and drafted by Patti Harrington, Northland's HR Director, responded to Kroontje's Charge of Discrimination and contended that Kroontje was not subjected to either sexual harassment or retaliation and that she voluntarily terminated her employment. Docket 21-2. Northland also

---

[2] Defendants contend Northland is the entity that employed both Kroontje and Manninger.

[3] Kroontje was 15 years old at the time; Manninger was approximately 35 years old. Manninger was arrested in February 2011 and sentenced in August 2011 for rape in the 4th degree.

responded to the EEOC's request for additional information to assist in its investigation and provided the requested information. Docket 21-4. On January 7, 2013, the EEOC determined that "there is reasonable cause to believe that the charging party was discriminated against in violation of the statute when she was constructively discharged." Docket 16-4 at 1. Northland's counsel, Weld, Riley, Prenn & Ricci, responded to the EEOC's reasonable cause determination through a letter dated January 24, 2013. In this letter, Northland provided its "rationale for challenging the legal analysis employed by the Commission in reaching [its] Determination, but [also] set forth the proposed terms of a conciliation agreement[.]" Docket 21-5 at 1. No settlement occurred, and the EEOC issued a Notice of Right to Sue on March 14, 2013, which was sent to Northland's counsel. Docket 1-1.

Kroontje filed suit in this court on June 12, 2013. Docket 1. She alleges claims for sexual harassment, hostile work environment, constructive discharge by supervisors and co-workers, and retaliation in violation of Title VII and SDCL 20-13-10. She further alleges claims for negligent retention of employees, negligent supervision of employees, and assault/battery. As a result of defendants' conduct, Kroontje claims she suffered physical and emotional trauma.

## DISCUSSION

### I.    Motion to Amend Complaint

Kroontje moves to amend her complaint so that she can add Northland as a defendant. Kroontje first became aware that Northland should have been named as a defendant during a discovery conference with defendants on July 29, 2013.

#### A.    Amend Complaint

If twenty-one days have passed since serving a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). More than twenty-one days passed between the time Kroontje served her original complaint and the time she moved to amend the complaint. The court's leave is therefore required.

The court may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court's scheduling order in this case allowed the parties until "January 15, 2014, to move to join additional parties and to amend the pleadings." Docket 15 at 2. Kroontje moved to amend her complaint to add Northland on August 30, 2013, less than two months after filling her initial complaint and over four months before the court-imposed deadline. Docket 16. No undue delay exists here.

4

Furthermore, there is no indication Kroontje's proposed amendment stems from bad faith or dilatory motives, and this is her first attempt at amending her complaint. Also, defendants have not identified any prejudice they would suffer by virtue of allowance of the amendment. Lastly, the amendment is not futile because the amended complaint relates back to the date of the original complaint, as discussed below.

Defendants argue Kroontje's lack of diligence and inexcusable neglect prevents her from amending her complaint, citing *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201 (8th Cir. 1984), in support of its position. *Marchant* involved a plaintiff who attempted to amend her pleadings to substitute a defendant after trial had begun. *Id.* at 205. The Eighth Circuit Court of Appeals found that the district court properly refused her proposed amendment because the amended complaint would not relate back to the original complaint and therefore would have been futile. *Id.* at 205-06. The plaintiff there had over two years to identify the proper defendant and simply failed to do so, even after being put on notice by the named defendants of her mistake. *Id.* As discussed below, Kroontje's amended complaint does relate back to her original complaint, and therefore the amendment is not futile. For these reasons, Kroontje's motion to amend her complaint is granted.

**B.  Relation Back of Amendment**

Kroontje requests that her amended complaint relate back to the date of her original complaint. Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides that applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[4] for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[4] Federal Rule of Civil Procedure 4(m) provides:
If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 15(c)(1); *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 547 (2010).
Kroontje asserts subsection (C) applies here because she wants to add an additional
defendant, Northland.

The first issue is whether the "amendment asserts a claim or defense that arose
out of the conduct, transaction, or occurrence set out . . . in the original pleading."
Fed. R. Civ. P. 15(c)(1)(B) (application of 15(c)(1)(C) requires satisfying Rule
15(c)(1)(B)). Kroontje's amendment simply adds an additional defendant and asserts
the same claims and conduct that were asserted in the original complaint. Therefore,
the amendment asserts claims that arose out of the original pleading, and Rule
15(c)(1)(B) is satisfied.

Next, the court considers whether Northland "received such notice of the
action that it will not be prejudiced in defending on the merits" and whether
Northland "knew or should have known that the action would have been brought
against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P.
15(c)(1)(C). Northland was extensively involved in the EEOC investigation leading up
to Kroontje's federal lawsuit. Northland responded to the initial Charge of
Discrimination on February 24, 2012, and disputed that Kroontje was subjected to
either sexual harassment or retaliation. Docket 21-2. Northland also responded to the
EEOC's probable cause determination on January 24, 2013, challenging the legal

7

analysis employed by the EEOC and proposing terms of a conciliation agreement.[5] Docket 21-5. Lastly, Northland's legal counsel received the EEOC's Notice of Right to Sue after conciliation failed. Docket 1-1. In sum, Northland has had notice of this action from the time it first came into existence and should have no difficulty in defending on the merits.

Moreover, the complaint is clear that Kroontje intended to sue the entity that employed her and Manninger. Because of Northland's extensive involvement in the EEOC investigation and its constant position that it was the employer of both Kroontje and Manninger, Northland knew or should have known that the action would have been brought against it, but for a mistake concerning its identity.

Kroontje sought leave to amend her complaint less than two months after she filed her original complaint and promptly after she became aware that Northland should have been named as a defendant. Northland has had notice that a suit may be brought against it from the very beginning. Therefore, for the above reasons, the court finds Kroontje's amended complaint relates back to the date of her original complaint.

### C.  Extension of Time to Serve

Cognizant of a possible Rule 4(m) problem, Kroontje also moves for an extension of time to serve Northland. The motion is unnecessary because Kroontje

---

[5] This response was from Northland's legal counsel.

has 120 days to serve Northland following amendment of the complaint. *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) ("Carmona should have been given an additional 120 days to serve those defendants who were added by the second amended complaint.") (citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 377 (2002)).

## II.     Motion to Compel

Defendants request that the court compel Kroontje to answer interrogatories and produce requested documents relating to her past relationships and sexual history, her juvenile offenses and detention, and her family's involvement with the South Dakota Department of Social Services. Kroontje objects to each of these inquiries for separate reasons.

Before analyzing the individual interrogatories and requests for production, a few standard principles of discovery require recitation. The scope of discovery is governed by Rule 26, and Rule 26 is extremely broad. *See* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2007 at 119-120 (3d ed. 2010) (hereinafter "Wright & Miller"). The reason for broad discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

9

Rule 26 allows discovery of any matter, not privileged, relevant to the claim or defense of any party, including information related to a plaintiff's alleged damages. Wright & Miller, §§ 2007 and 2008.4. Information is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Once the requesting party has made a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive." *Signature Development, LLC v. Mid-Continent Cas. Co.*, No. Civ. 11-5019-JLV, 2012 WL 4321322, at *7 (D.S.D. Sept. 18, 2012). "The articulation of mere conclusory objections . . . is insufficient to carry the resisting party's burden," and, instead, the party must make a "specific showing of reasons *why* the relevant discovery should not be had." *Id.*

Keeping these principles in mind, the court will now analyze the interrogatories and requests for production in question, grouping the requests for production together with the relevant interrogatories.

### A.  Past Relationships and Sexual History

The court begins with Interrogatory No. 8 and Request for Production No. 7, which provide as follows:

> **Interrogatory No. 8**: Identify all dating or sexual relationships (both consensual and nonconsensual) that you have had, including the dates of each relationship and the names, dates of birth, and current contact

10

information, including addresses and telephone numbers, for each
individual with whom you have had a dating or sexual relationship, and as
to any physical relationship describe the nature.

**Request for Production No. 7**: Produce any documents relating to all
dating or sexual relationships that you have had.

Kroontje objects to this discovery on the basis that Federal Rule of Evidence 412 bars

discovery of this material, that it is an unjustified invasion of privacy, and that it is a

potential source of embarrassment.

Rule 412 prohibits admission of evidence in a civil proceeding that is offered to

prove that a victim engaged in other sexual behavior or offered to prove a victim's

sexual predisposition. Fed. R. Evid. 412(a). In a civil case, however, "the court may

admit evidence offered to prove a victim's sexual behavior or sexual predisposition if

its probative value substantially outweighs the danger of harm to any victim and of

unfair prejudice to any party. The court may admit evidence of a victim's reputation

only if the victim has placed it in controversy." Fed. R. Evid. 412(b)(2).

"Although Rule 412 is a rule controlling the admissibility of evidence rather

than its discoverability, numerous courts have applied the rule to decide discovery

motions." *Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. & Kan. City,*

*Kan.*,192 F.R.D. 698, 704 (D. Kan. 2000). The goal is to "preclude inquiry into areas

which will clearly fail to satisfy Rule 412(b)(2)'s balancing test[.]" *Giron v. Corr. Corp. of*

*Am.*, 981 F. Supp. 1406, 1407 (D.N.M. 1997). Certainly, the court should preclude

discovery if the sole purpose is to invade the privacy of the victim or embarrass the victim. But it is difficult to anticipate how the balancing test required under Rule 412(b)(2) would be administered without knowing exactly what the evidence is.[6]

The Advisory Committee Notes[7] pertaining to Rule 412 encourage courts to enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Fed. R. Evid. 412, Advisory Committee Notes (1994 amend.). The Notes further suggest that courts should "presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case[.]" *Id.*

**[redacted]**

---

[6] The court's analysis below goes exclusively to the issue of discoverability and is in no way determinative of whether any such evidence is admissible.

[7] The Advisory Committee Notes do not have the force of law and are not binding on this court. *Clark v. Long*, 255 F.3d 555, 559 (8th Cir. 2001). Moreover, the Notes recognize that discovery should continue "to be governed by Fed. R. Civ. P. 26." Fed. R. Evid. 412, Advisory Committee Notes.

It is also worth noting that the parties have stipulated to a protective order in this case due to its sensitive nature. This confidentiality measure helps avoid unnecessary humiliation and embarrassment. Also, the nature of the discovery request—propounding interrogatories—is minimally intrusive.

**[redacted]**

Next, Interrogatory No. 9 and Request for Production No. 8 provide as follows:

**Interrogatory No. 9**: State whether, prior to you being 16 years old, you have communicated with any individuals over the age of eighteen for the purpose of beginning or continuing a dating or sexual relationship. If so, state the names, dates of birth, and current contact information, including addresses and telephone numbers, for each individual with whom you have such communications as well as the dates of each such communication.

**Request for Production No. 8**: Produce any documents relating to any communications that you have [had] with individuals over the age of eighteen for the purpose of beginning or continuing a dating or sexual relationship.

Kroontje objects to these discovery requests under Rule 412 as well, arguing that the evidence sought seeks only to establish a sexual predisposition on plaintiff's part.

Defendants claim that this information may be relevant to plaintiff's ability to conceal her relationships from others, which goes to her claims for negligent hiring and supervision. The court agrees that such information is reasonably calculated to lead to the discovery of admissible evidence. Without knowing the substance of any such communications, the court cannot administer the balancing test required under Rule 412. In this context, the court favors application of the broad scope of discovery under Rule 26 over the limitations that may hypothetically be imposed by Rule 412. Thus, defendants' motion to compel is granted with respect to Interrogatory No. 9 and Request for Production No. 8.

Interrogatories Nos. 21 and 22 provide as follows:

**Interrogatory No. 21**: State whether you have ever become pregnant and if so, state the dates of the pregnancy.

14

> **Interrogatory No. 22**: State whether you have ever contracted any
> sexually transmitted disease and if so, state the date(s) and name(s) of the
> disease(s).

Kroontje objects to these interrogatories under Rule 412 and also claims such evidence

is not discoverable because she is not seeking damages related to sexually transmitted

diseases or pregnancy. Defendants again argue that this evidence goes to the issue of

emotional damages.

The court finds defendants' position more persuasive under the facts here. As

defendants note, "there can be little doubt that contracting a sexually transmitted

disease or terminating or losing a pregnancy as a young teenager . . . can have a lasting

emotional impact." Docket 38 at 5. And because Kroontje is seeking damages for

emotional trauma, whether she contracted a sexually transmitted disease or lost a

pregnancy could "controvert the contention that the emotional distress arose from

defendants' conduct." *Posey v. Calvert Cnty. Bd. of Ed.*, Civ. No. 02-2130, 2003 WL

21516194, at *1 (D. Md. Mar. 27, 2003).

Furthermore, the parties have stipulated to a protective order in this case, which

helps avoid unnecessary humiliation and embarrassment. Also, simply answering

interrogatories is minimally intrusive. For these reasons, Kroontje is compelled to

answer Interrogatories Nos. 21 and 22.

15

### B.  Juvenile Offenses and Detention

Defendants also request evidence regarding the dates and names of any juvenile facilities in which Kroontje was admitted, any documents related to her attendance or detention, and all juvenile offenses for which she has been adjudicated. This information is sought in Interrogatories Nos. 23 and 24 and Request for Production No. 11:

> **Interrogatory No. 23**: State all dates for which you have been at any juvenile detention facility and state the name of the facility.
>
> **Request for Production No. 11**: Produce any documents relating to your attendance or detention at any juvenile detention center.
>
> **Interrogatory No. 24**: As to all juvenile offenses for which you have been adjudicated, identify the date(s) and charges for which you were at the facility.

Kroontje objects to these discovery requests on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence and are barred by Federal Rule of Evidence 609. Kroontje also objects on the basis that the records are confidential and protected from disclosure. Defendants again assert that such evidence goes to the issue of emotional damages.

Rule 609 provides that juvenile adjudications are generally inadmissible when used to attack a witness's character for truthfulness. Fed. R. Evid. 609. Not only does Rule 609 control admissibility and not discoverability of evidence, but impeachment is not the reason defendants are seeking Kroontje's juvenile records. Rather, defendants

believe the records will bear on the issue of emotional damages. Therefore, Rule 609 does not control here.

Turning to the issue of confidentiality, Kroontje argues SDCL 26-7A-72 and 26-7A-29 protect her records from release in a civil trial. While both of those statutes offer persuasive arguments as to why Kroontje should not be compelled to disclose such information, SDCL 26-7A-106 closes the door on defendants' request. SDCL 26-7A-106 provides: "No adjudication, disposition, or evidence given in any proceedings under this chapter or chapter 26-8A, 26-8B, or 26-8C is admissible against a child in any criminal, civil, or other proceeding[.]" The broad language of SDCL 26-7A-106 forecloses the possibility that defendants' requests are reasonably calculated to lead to the discovery of admissible evidence. Therefore, defendants' motion to compel is denied with respect to Interrogatory No. 23, Interrogatory No. 24, and Request for Production No. 11.

### C.  Involvement with Department of Social Services

Lastly, Interrogatory No. 25 and Request for Production No. 20 provide as follows:

> **Interrogatory No. 25**: State whether you or a family member because of you has ever been involved with the South Dakota Department of Social Services and if so, state the reason(s) and date(s).

> **Request for Production No. 20**: Produce all documents related to the South Dakota Department of Social Services identified in your interrogatory.

Kroontje objects to these requests on the basis that they are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the information requested is confidential. Defendants contend the evidence goes to the issue of emotional damages.

SDCL 26-7A-106 again forecloses the possibility that defendants' requests will lead to admissible evidence. As stated above, SDCL 26-7A-106 provides: "No adjudication, disposition, or evidence given in any proceedings under this chapter or chapter 26-8A, 26-8B, or 26-8C is admissible against a child in any criminal, civil, or other proceeding[.]" Chapter 26-8A governs abuse and neglect proceedings, which are the proceedings to which defendants are requesting access. And SDCL 26-7A-106 explicitly applies to chapter 26-8A proceedings. Thus, defendants' requested information is not reasonably calculated to lead to admissible evidence.

Moreover, defendants assert that these records will reveal that Kroontje was sexually abused as a young child and was suffering from emotional distress as a result. Other permitted discovery, such as that permitted in section A above, provides the evidence defendants claim they are seeking. Thus, alternatively, the court finds that these requests are cumulative and unduly burdensome. For these reasons, defendants' motion to compel is denied with respect to Interrogatory No. 25 and Request for Production No. 20.

In accordance with the above discussion, it is

18

ORDERED that plaintiff's motion to amend is granted, the amended complaint relates back to the date of the original complaint, and plaintiff has 120 days to serve Northland Restaurant Group, LLC.

IT IS FURTHER ORDERED that defendants' motion to compel is granted in part and denied in part consistent with this order.

Dated April 16, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE